May it please the court. My name is James Brink. I'm here today on behalf of Walter Porter, the appellant, as CJA appointed counsel from Pittsburgh. And I'd like to reserve two minutes for rebuttal, granted. Of course, the issue is very clear. It's a very simple issue before the court, and that is whether or not the district court clearly erred when it found that the appellant did not give permission to the police to search his bag. Stated differently, the question is whether or not the driver of an automobile can give consent to search the bags of, in this case, her passenger. Right, but that goes to the merits of the suppression motion. It does. So before we get there, though, your client got a fairly substantial downward variance at sentencing, correct? He did. Okay, so if you prevail on this appeal, doesn't it expose him to a much higher sentence? If the case goes back down and you win on this, I guess you want to have the suppression motion relitigated, you win on that as well, your client probably walks. If you lose on that, though, isn't it possible that your client could get a much higher sentence than he already got? I mean, that's always a consideration. I believe, and the reason why we're here, and we've had discussion, of course these discussions are not within the record before the court, that if this case is reversed, which we're asking that it is, there is no case. The whole case is based upon what this police officer found, three grams of powder cocaine. Right, so you don't want a new suppression hearing. You want us to reverse the legal conclusion of the suppression hearing. Yes, your honor. And if, in failing that, then he gets to stay with the downward variance he got. He doesn't get, it wouldn't be a resentencing situation. That's correct, your honor. We're asking for the court to exercise its plenary jurisdiction, and you'll find, of course, that the facts that were deferred or relied upon by the district court were clearly erroneous. All right, but what's puzzling me is that we've seen many, many cases where criminal defendants have lost motions to suppress and have then chosen to plead guilty, and inevitably there's a conditional guilty plea in cases like this, where people come to us and say, we think the suppression motion was wrongly adjudicated. Those are always cases involving conditional guilty pleas, and I'm, I've seen you enough in court to know that you've, you've done many of those yourself. I have, your honor. So why should we make some sort of strange exception to the general rule that if you want to plead guilty, you have to enter a conditional guilty plea rather than an unconditional guilty plea? I mean, as your court, as court, your honor, especially when you do these criminal cases for the district court, there's a lot of moving parts. There are a lot of balls in the air, a lot of give-and-take discussion between all the parties involved, and the way this, and of course, this is outside the record. I don't want to go too far outside the record, but you this case was worked, it resulted in a downward variance of about 50%. So, you know, rather than to possibly affect where we were going with the case below, we didn't want to do a rule 11, didn't want to consider a rule 11 conditional plea. Again, that's all consideration outside of the record. I will concede we did not do a formal rule 11 C conditional plea. That didn't happen in this case, the record states that. Why didn't the unconditional plea just result in a waiver of the suppression issue? I think that, um, you know, I've read the government's brief, I've read all the cases the government cited, and you know, I know what the waiver issue is. However, in the Saperstein case before this court, you know, you can read that case, if you read it broadly enough, is that the certain words used by a different court may permit, or at least slacken, this waiver issue. But the problem is, the problem I have with that Saperstein argument is that the ambiguous comments were made during the plea colloquy. And here, the unconditional plea was taken months before the allegedly ambiguous comments. They wouldn't, so the comments wouldn't have affected the, your client's decision to take the plea. That's true, except for the reason why I'm here. I'm not one to file, you know, frivolous appeal. That's not, I don't do that. I would never do that. But reading the record as it was all through, reading the sentencing transcript for Judge Sircone, the court below, said, I understand there's some issues that you want to appeal, you have that right. Those are, those are pretty profound words to hear from a district court judge. I understand there are issues you want to appeal, you have that right. And he goes through his, his appeal rights. And so you're reading the cold record after the facts. Well, why would Judge Sircone have that unless he believed that there was an issue that stayed alive throughout all the process and that the entering of the unconditional plea didn't break the chain? Because the waiver had already occurred before that point. That's what I'm suggesting. When he took, but I'm suggesting the answer to your question is because the waiver had already occurred months before when he knowingly took the plea. Well, and that could have been, but, and again, looking at the record. The question becomes does, does that commentary by the district judge somehow unlock the waiver or the unconditional guilty plea, right? That's, that seems to be the essence of your argument, that you know that when he shows up for sentencing, it's an unconditional guilty plea. But those who are, we don't know exactly what he's referring to. He could have been referring to the appeal of the sentence. Your client had a right to appeal the sentence for procedural or substantive unreasonableness, correct? Well, there was no waiver of that appellate right generally, was there? Right. I mean, I agree with that, except when you read the record again, and all this comes up back to mind when you're in court, as you know, I mean, you don't remember all this stuff until you read the transcript. And I read the transcript again. And right at the end of it, I take exception to the court's previous rulings, which is the suppression. Okay, that was the only ruling the court made was suppression. And, you know, we did the sentencing hearing, got the downward variance of about 50%. And then the judge said, well, I know there's issues that you want to, he's referring to what I just raised at the beginning. I think that makes a lot of sense, but what I'm challenging you on, Mr. Brink, is let's assume that the district judge made a mistake of law in suggesting to your client that after an unconditional guilty plea and sentence, he had the opportunity to relitigate the suppression denial. If the judge made that mistake of law, why shouldn't we just say the judge made a mistake? Well, you know, we talk about these conditional pleas. I understand there's a rule and there are requirements under the rule that you have to have the writing and everybody approves, and I get that. But, you know, looking at the facts of this case, looking at the record of the case, everybody in that courtroom, the clerks, the assistant U.S. attorney, me, the defendant, everybody knew there was going to be an appeal, everybody. The suppression hearing was close. In my humble opinion, I think I won it until the very end, and that's where the clear error came. But how could everyone expect an appeal or know that there's an appeal when the law is quite clear that an unconditional guilty plea supersedes the controversy that was litigated on the suppression motion? The case law is legion on that. I will concede the case law is very clear on that. I've read all the cases. So I guess what I'm getting at is if the judge made a mistake of law here in suggesting that the suppression issue was still alive on appeal in spite of the case law that we just talked about the other way, I'm trying to scratch my head as to what prejudice might have accrued to your client. Obviously, had the judge made a comment like that during the guilty plea colloquy, you run the risk of depriving your client of the benefit of his bargain. But here, it looks like your client got the benefit of the bargain. As you said, the way the case was litigated, et cetera, you did an excellent job for your client. You got a strong downward variance and he entered an unconditional guilty plea. So it seemed like everyone got, both sides, got the benefit of the bargain. And then the judge made a statement that was just wrong under the governing law. What am I missing in that recitation? I don't think you're missing anything, Your Honor. It's just to the point that there are a couple issues that, not only did I feel needed to be brought before the court, but the appellant as well. And I understand the waiver issues and the conditional plea. I really do. I read the cases. But beyond that, I think the bigger question I'd ask the court to consider is whether on a passenger, personal bags are subject to be searched or can be searched by the consent given by the driver. And even if you don't reach the issue because of the waiver, I'd ask you to consider it nevertheless. It's an important issue that I believe that this circuit opened the door. And it's just a footnote of one case, the Shabazz case, where, you know, it was problematic to the panel, the Third Circuit panel, that the police can search the bags that belong to a passenger in an automobile based upon a consent of the driver. And looking at all of our lives, if we're sitting in the back of an Uber that gets pulled over because of the faulty taillight, can that Uber driver get consent of the police to search my bag that's sitting next to me in the back seat of the Uber car? And I would suggest that it's a good opportunity for the, this court, to set a bright line. No, you can't do that. It's not going to be permissible. We're not going to permit the driver of an automobile to consent to the search of the passenger's personal bags. Period. That's an important issue, certainly, but if we enforce the waiver consistent with the case law and we don't find that the district judge's comments sort of unlocked that waiver, then all of those facts are immaterial, right? It does. I mean, a number of years ago, I appeared before this court on an issue that there were a lot of different, a lot of different issues. And the one issue that I was not asked to brief and the government didn't brief and was never raised during oral argument was the deciding factor of the case. So, you know. Was that one of those, did it go against you? Was it one of those affirm on any grounds? You know, that's one of the things that some litigants are surprised by, or you know, that we, it's much harder to be appellate, as you know, because if you're an appellate and you don't make all your arguments, then you get hit with a forfeiture or a waiver. But if you're the appellee and you don't make the winning argument, we might rule in the appellee's favor on the case law. Again, that's consistent through our jurisprudence that we can affirm for any reason supported by the record, right? Yeah, you're right. But the ironic thing behind that statement is your case judge when you were a district court judge. I mean, so when these cases come up, this panel can do a number of things. What I'm asking is that, you know, this court can obviously look at the issue, the main issue at hand here, that is consent to search. And unfortunately, I'm not going to concede that this court should throw the case out because of the waiver. But, you know, I think this court can decide the Fourth Amendment issue without granting relief to this appellant. On the Fourth Amendment issue, Shabazz, of course, was a non-precedential case, the bag in the trunk. But haven't we already just decided this issue in the Anderson case, but precedentially, bag in the trunk? Well, I mean, you did. But, you know, when they change the rule, I can remember when the rule for the non-precedential opinions, you don't even breathe the name of the case. But now you can still cite it. And, you know, the court can give it what way the court deems. It's an important issue. I mean, and again, in the number of years I've been doing this, I've never relied on one single footnote in one single case to base it up on an appeal to the Third Circuit Court of Appeals. I believe it's that important. Thank you very much. Thank you, Mr. Brink. Mr. Carroll. Thank you, Your Honor. May it please the court. Ira Carroll on behalf of the United States. The government asked the court to affirm for two reasons. We've discussed both of them. The first is, Mr. Porter entered an unconditional guilty plea, and he admitted that he committed the crime of possession with intent to deliver cocaine. And as a result of that, his conviction rests on his admissions, not on evidence. Yeah, but was it that I got the feeling that this was sort of like a sub silencio plea of guilty with the reservation to preserve the Fourth Amendment claim on appeal. And everyone understood it. The judge certainly had it on his mind. And it's not something that was expressed. It probably wasn't done in the best traditions of the legal profession, but it was understood by everyone in the city, in the courtroom, including the prosecutor. Well, I would disagree with that, Your Honor. I think, first of all, it was, it seems to have been on the judge's mind, perhaps, at sentencing. How could you say otherwise? He said it. Well, he did say you seemed to have preserved issues in the same breath where Mr. Brink, and this is in the supplemental appendix, I think, at 25, where Mr. Brink mentioned the suppression issue. He also mentioned a career offender issue on sentencing. So it could be that that's what the judge had in mind. It's not entirely clear. But even if that is what the judge had in mind in October at sentencing, that doesn't tell us, to Judge Porter's point, what was in mind at the plea hearing in May, five months earlier. And that's when this was relinquished. And that's really why it's not technically a waiver. And I think it goes to Judge Hardeman's point from the last case about the way jurisdictions sometimes use inaccurately or imprecisely. This isn't technically a waiver. It's not something you have to know. And the Supreme Court has said that many times. Going back to 1973 in Tollett, the Supreme Court said, if this was a waiver, it wouldn't be waived because it wasn't told to him at the plea hearing. But it's a natural consequence of the plea, because the conviction rests on the admissions, not on the evidence. So even if he were right on the merits, his conviction stands, because of his admissions, independent of that. Does that make it a forfeiture? It could be a forfeiture. Some cases have called it a forfeiture. I think one of the best wordings, if I could read it, is a Supreme Court case from 1989, Broach, B-R-O-C-E, that's cited in the briefs, 488 U.S. 563, and the pin cites 573. It says, quote, Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required. And that's what we have here. By the natural consequence... So it's the natural consequence of the unconditional guilty plea. Right. And that's why people do conditional guilty pleas, because they know that the natural consequence of the unconditional guilty plea is that the dispute about the suppression issue becomes a dead letter once there's an unconditional plea. Exactly. And that goes, Your Honor, to your point about the benefit of the bargain earlier. The conditional guilty plea is going to come with conditions on what can be argued about sentencing. Our plea agreement in our district has conditions about what can be done in sentencing. He got a great bargain for his client at sentencing. He might have lost some of that if he had entered a conditional plea and preserved the suppression issue. Why, though? I don't understand that argument, because it's been a long time since I was a district judge, but I don't know that... Why would a district judge punish a defendant at sentencing because the defendant was preserving the opportunity to appeal the denial of the suppression motion? Well, I'm not sure the district judge would have punished, but I think there's limits on what he could argue. He might not have been able to challenge the career offender guidelines. Now, the district court accepted the career offender guidelines and then granted a substantial variance. But he had the opportunity to object to the career offender guidelines because he didn't enter a conditional guilty plea. That's what we're saying. But either way, he didn't follow the way it's done. And it's not just the technicality. His conviction rests on his admissions, and as long as those admissions and that guilty plea stands, no statement later can change that. And that's our argument. But how do you get away from the sense that everyone in the court knew that the defendant was going to appeal the Fourth Amendment question? I mean, it wasn't... It wasn't in black and white, but it was understood by everyone, and no one is kidding anyone. And we all knew it. They all knew it. And so I can't get away from the fact that maybe it wasn't followed the way it should have been followed, but everyone knew that there was going to be an appeal on the Fourth Amendment claim. And that being so, they should have documented it and said it was a conditional plea. They just didn't go through the letters. So I think, Your Honor, it's not in the record. The AUSA is at the tail end of the sentencing hearing. Then they go off the record. The judge asked if he had anything else. He didn't object. But I don't think necessarily it was in his head that this was going to be appealable. I do think, you know, there's case law. You know, the way the court described it, it's legion. Well, the sentence was appealable, though, right? Right. I mean, your office often gets appellate waivers across the board, and you didn't get one in this case. Correct. The sentence was appealable. I don't think it's fair to say it was in the AUSA's head. And that is required for a conditional guilty plea. It doesn't just have to be subsilentio in the AUSA's head. What I hear you saying is even if they winked and nodded and indeed shook hands, it wouldn't matter because the natural consequence would still follow from the unconditional plea. Correct. Correct. And, you know, Saperstein case, there's the Davis case that we cited affirmatively in our brief. Those cases deal with some circumstantial evidence from around the time of the plea that says the plea was conditional. You know, Davis has this argument that the AUSA had sent a draft of the conditional guilty plea agreement that even though it wasn't signed, the court was at least willing to think about it and consider it and hear it. But we don't have anything like that here. We don't have anything. And I would submit... Is this another way of saying... Are you saying that really the court has no role in the guilty plea other than making a decision whether to accept the guilty plea or not? Well, I'm not sure that I would go that far. But I think the court has to accept a conditional plea as well if the government and the defendant agree on one. But I think, you know, Saperstein, there was a plea agreement and this court said that you can create ambiguity in that plea agreement by something the district court said at the plea hearing, as Judge Porter has pointed out. But what he says at sentencing... So that's sort of a modification of the plea agreement by the court's comments or actions at the plea call, correct? Yes. But we don't have anything like that here. We don't have a written agreement. And you want a bright-line rule that says that whatever a district judge does or says at sentencing can't undo the deal, the bargain that was struck between the defendant and the government? Yes. And I think, you know, we didn't cite it in our briefs and I apologize. We hit on it while we were prepping for argument and I'm not sure we need a bright-line rule. I think we could say at least what was done here is not sufficient. But there is a Second Circuit precedential opinion coffin, C-O-F-F-I-N, which is 76 F. 3rd 494. It's from 1996. And they've affirmed it in NPOs, including a Martinez NPO in 2005 with these facts. Open plea, nothing said about preservation of appeal at the plea call week. And at sentencing the district court mentioned appellate rights seemed to be talking about the suppression issue. And the Second Circuit in that precedential opinion said that doesn't bring it back. What if at sentencing the district judge expresses some reservations about accepting the guilty plea? District judge is really on the fence and the parties continue to argue jointly that the plea should be accepted and then the district judge says, well, okay, I'll relent. But the only reason I'm doing this and I'm accepting this plea is because I'm curious to hear what the Third Circuit has to say about the suppression motion. So I think if the district court had said that at the time of accepting the plea then we'd at least have a fact issue of whether it's conditional or not and there would definitely be something to look at. All right. Same facts but at sentencing the district court says I'm really torn about what sentence to impose but the sentence that I'm choosing is based upon my understanding that Mr. Brink you're going to put before the Third Circuit the suppression issue. I think it's too late Your Honor. I think at that point he could say we should affirm that sentence? Yes. And I think if he didn't want to though the court could set out for him what he should do. The court could say open up the guilty plea and make it conditional. Open it up. Say to the defendant Mr. Defendant did you enter this guilty plea knowingly knowing that you were waiving the right to suppress and the district court can fix its own record while it's there if it wants to make it conditional. Our office is open to conditional pleas for case dispositive issues not as open for non-case dispositive issues because you don't want to run it back but the district court can do that if it wants to and it can push the parties and it can try to get that kind of agreement but to just have a passing statement like we have here certainly not enough and even that kind of statement does not make it a conditional plea. The defendant's guilt still rests and this goes back to Tollett in the 70's the guilt still rests on the admissions and not on the evidence and so the evidence is irrelevant. If the court reaches the merits which we would ask the court obviously it's the court's discretion we would ask the court to do to bring clarity. Do you agree that if we don't reach the merits then it would be sort of it would be unnecessary to even get into the details of the stop and the search etc? Yes. If you don't reach the merits it's unnecessary to get into that. Okay. But if we do reach the merits go ahead. Yes. We would submit that you know as Judge Porter I think said Anderson case going back the district court's credibility determinations this case is a clear error appeal the district court has made its credibility determinations based on observing the witnesses and the internal consistency of their testimony. They found that the officer's testimony was internally consistent they found that Mr. Porter's was not and it directly observed the driver's reaction to her grand jury testimony that he told her to hold the bag and it found specifically that it was to hold the bag so he could avoid the consequences because he's on supervised release and he knows it has cocaine in it and that's enough to establish that the search is valid that there was actual or at least apparent authority to consent and that the consent by the driver includes the duffel bag in the back seat within her reaching distance that's unlocked that he told her to hold and when he doesn't object or say anything and similarly that there's no reasonable expectation of privacy that would allow him to object to the search of that bag when it's pursuant to her consent and so a big part of that is the assumption of the risk Stabile King in this court Frazier in the Supreme Court and Stabile is an authority case King is a reasonable expectation of privacy case but the analysis is pretty much the same when you make someone else a joint user when you give them joint access and control over your personal property you assume the risk that they're going to consent to someone else looking at it and that someone else includes police and putting it in the backseat of her car is more than sufficient from Anderson and all the other cases cited in the brief and especially the out-of-circuit cases the Navarro case from the 5th circuit the but I think you know Uber's not a cab Uber drivers sometimes leave their stuff in the back and that's going to be an interesting issue to litigate and to flesh out the facts and create a record for this court when it comes up but we don't have that here we have three friends in a car she testified she's giving him a ride as a friend he testified he's going to pay her for gas then she testified she's a Jitney driver it's three friends in a car unlocked bag in the backseat he assumed the risk that she was going to consent Florida vs. Jimeno and this court's Kin case say when you consent to those are the facts of Jimeno the Supreme Court said when you do that you're giving consent to search containers because drugs are reasonably in containers and I think that's the issue Mr. Brink asked for a bright line test the test is reasonableness and so it's going to depend on the facts it's not going to lend itself to a Mr. Carroll will hear Mr. Brink rebuttal I'm not used to this part I just want to make a few quick points in my two minutes I want to read from the record of the sentencing hearing before the district court just to make sure that everybody is clear there was no question whether we were talking about the appeal of the clear offender guidelines as opposed to the suppression issue Mr. Brink okay very quickly your honor I can't remember when we had a suppression hearing this matter a couple months back whether I respectfully took exceptions to the I understand there was an issue you want to appeal you have that right and I think if you look at the mindset of the defendant an appellant in a case like this what is he thinking when an article three district court judge is telling him that yeah I know you had an issue you can there's procedures but in this case you know let's look at what this guy believed was going to be his fate the government also mentioned I had the ability to appeal the sentence why would I do that that was why I asked my opening question but you clarified that you just want to reverse the suppression you don't want to undo a 50% downward variance I would never appeal any basis of that sentence this is an issue besides the I would nevertheless consider the 4th amendment suppression issue that I raised thank you  thank you Mr. Brink thank you Mr. Carroll appreciate the arguments the court will take the case forward thank you